UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK E. FRONTERA,

    Plaintiff

vs.

Case No. 2:06-cv-1046
District Judge Sargus
Magistrate Judge King

CITY OF COLUMBUS, ET AL.,

    Defendants

OPINION AND ORDER

This case is before the Court on two separate motions by Plaintiff directed to rulings contained the Court's Opinion and Orders filed January 22, 2008 (Doc. 38) and December 23, 2008 (Doc. 62). The first of those motions (Doc. 64), filed January 9, 2009 pursuant to Rule 59, Fed. R. Civ. P., seeks reconsideration of the Court's latter ruling which granted Defendants' Motion for Summary Judgment and ordered that judgment (Doc. 63) be entered thereon. The second of Plaintiff's motions (Doc 67), filed four months later on April 9, 2009 pursuant to Rule 60, Fed. R. Civ. P., seeks relief from the same summary judgment ruling and judgment and also from so much of the Court's earlier Opinion and Order (Doc. 38) as dismissed the individual Defendant city employees named in their personal capacities in Plaintiff's Amended Complaint[1] and would then permit Plaintiff to proceed "with his

---

1. The Magistrate Judge had earlier granted Plaintiff leave to file the amended complaint, which added claims against individual defendants in their personal capacities to the official capacity claims against them of the original complaint. Doc. 22. A Motion for Reconsideration of that ruling was later converted by the Court into a motion to dismiss those claims (Doc. 28), which was then granted as part of the Court's January 22, 2008 Opinion and Order. Doc. 38, p. 10.

Amended Complaint filed July 19, 2007 (Doc. #23)." Doc. 67, p. 8.[2] The Court will consider Plaintiff's two motions in the order in which they were filed.

Plaintiff's first motion seeks reconsideration of the Court's Opinion and Order of December 23rd that would effect complete reversal of the Court's rulings and instead substitute a new order denying Defendants' motion for summary judgment. Doc. 64, p. 11. Of necessity, that would also entail vacating the judgment ordered by the Court. Although the Federal Rules do not expressly provide a motion "to reconsider," it has long been recognized in this and other circuits that, if timely filed, motions so named are normally to be treated as motions to alter or amend under Rule 59(e). See Smith v. Hudson, 600 F.2d 60, 62-63 (6th Cir. 1979). Thus, Plaintiff's motion filed within ten days of the Court's judgment, challenging the correctness of the ruling upon which it is based, may properly be considered under Rule 59, however the motion may have been styled. See Huff v. Metropolitan Life Insurance Co., 675 F.2d 119 (6th Cir. 1982); Vreeken v. Davis, 718 F.2d 343 (10th Cir. 1983); Shivers v. Grubbs, 747 F.Supp. 434, 436 (S.D.Ohio,1990).

Viewed as a Rule 59 motion, however, there are there are significant limitations on the proper scope of the Court's consideration.

> .... A motion under Rule 59(e) is not an opportunity to re-argue a case. *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992) ("Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and

---

2. The Court's first Opinion and Order not only dismissed the personal capacity claims against individual Defendants, but also granted Defendants' motion for judgment on the pleadings with respect to Plaintiff's claims for violation of 42 U.S.C. §1985 and defamation against all Defendants. Plaintiff's arguments here leave it unclear whether he also seeks to resurrect those claims, as well. However, the Court's ruling below makes it unnecessary to resolve that issue.

2

should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." (internal citations and quotation marks omitted) (emphasis in original)).

Sault Ste. Marie Tribe of Chippewa Indians v. Engler 146 F.3d 367, 374 (6th Cir. 1998). As explained in more detail by another district court of this circuit:

> Rule 59(e) provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence. *E.E.O.C. v. Argent Industries, Inc.*, 746 F.Supp. 705, 706 (S.D.Ohio 1989).
> A motion to alter or amend judgment made pursuant to Fed.R.Civ.P. 59(e) may be made for one of three reasons:
>> 1) an intervening change of controlling law; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice.
>
> *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md. 1991).
> A motion under Rule 59(e) is not intended to be utilized to re-litigate issues previously considered. *Argent Industries*, 746 F.Supp. at 706. Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before. *Weyerhaeuser*, 771 F.Supp. at 1419. As the court stated in *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D.Ohio 1991), where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.

Keweenaw Bay Indian Community v. State of Michigan, 152 F.R.D. 562, 563 (W.D. Mich. 1992), aff'd 11 F.3d. 1391 (6th Cir. 1993).

In his motion, Plaintiff does not claim the existence of either newly discovered evidence or an intervening change in controlling law. Neither has he convinced this Court that its ruling is the product of some clear error of law or that it results in some manifest injustice. Rather, Plaintiff's motion simply seeks complete reversal of the Court's summary judgment ruling, based on re-presentation of

3

the same evidence and arguments presented in defense against the motion for summary judgment in the first place and on which the Court has already ruled. The proper place for Plaintiff to present those arguments now is on appeal.

Plaintiff's second motion, filed April 9, 2009 pursuant to Rule 60, Fed. R. Civ. P., not only seeks vacation of the Court's December 23, 2008 summary judgment ruling, but further seeks to reverse certain of the rulings in the Court's Opinion and Order of January 22, 2008 (Doc. 38) as necessary to allow Plaintiff to proceed with this case on "his Amended Complaint as filed July 19, 2007." Doc. 67, p. 8. Plaintiff argues that such action by the Court is justified by the January 29, 2009 enactment of the Lilly Ledbetter Fair Pay Act of 2009 (PL 111-2 (S 181)), containing an express provision making the Act retroactively effective as of May 28, 2007.

Facially, there appears at least a theoretical basis for this second of Plaintiff's two motions.

> 'Congress or a state legislature may pass retrospective laws such as in their operation may affect pending suits and give to a party a remedy which he did not previously possess, or modify an existing remedy or remove an impediment in the way of legal proceedings.' *Landay v. United States*, 6 Cir., 108 F.2d 698, 705, certiorari denied 309 U.S. 681, 60 S.Ct. 721, 84 L.Ed. 1024.

United States v. Resch  85 F.Supp. 389, 391 (W.D. Ky. 1949)

> A motion for reconsideration is appropriate where there has been an intervening change in the controlling law. *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Painting Ind. of Hawaii v. U.S. Dept. of Air Force*, 756 F.Supp. 452, 453 (D.Hawaii 1990). A motion for reconsideration is appropriate under Rule 60(b)(6) based on "any reasons justifying relief from the operation of the judgment," including a change in the controlling law. *Painting Ind. of Hawaii, supra*, 756 F.Supp. at 453. However, relief

4

under Rule 60(b)(6) requires a finding of "extraordinary circumstances." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985). American Economy Ins. Co. v. Reboans, Inc., 900 F.Supp. 1246, 1250-51 (N.D. Cal. 1994). See In re Pacific Far East Lines, Inc. 889 F.2d 242 (9th Cir. 1989) (enactment of statute which was retroactively applicable to fees to be paid in bankruptcy cases was sufficient to justifying relief under Fed.R.Civ.P. 60(b) from order already entered that certain fees be paid). However, assuming without deciding that Plaintiff's Rule 60(b) motion, at the time and in the circumstances of this case, might justify some or all of the relief he seeks *if* Congress had enacted a retroactive statutory provision directly and necessarily affecting this Court's rulings and the judgment dependant on them, those in fact are not the circumstances of this case.

The introductory paragraph of the act upon which Plaintiff relies declares it to be:

> An Act To amend title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, and to modify the operation of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, to clarify that a discriminatory compensation decision or other practice that is unlawful under such Acts occurs each time compensation is paid pursuant to the discriminatory compensation decision or other practice, and for other purposes.

PL 111-2 (S 181) January 29, 2009. Section 6 of the Act then establishes its effective date as follows:

> This Act, and the amendments made by this Act, take effect as if enacted on May 28, 2007 and apply to all claims of discrimination in compensation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.), the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621 et seq.), title I and section 503 of the Americans with Disabilities Act of 1990, and sections 501 and 504 of the Rehabilitation Act of 1973, that are pending on and after that date.

5

Examination of both Plaintiff's original and amended complaints in this case shows they neither depend upon, nor are affected by, any provision of the Ledbetter Fair Pay Act and the amendments made by that Act to certain specific federal statutes. The Ledbetter Act expressly applies to a "discriminatory compensation decision or other practice" made unlawful by one or more of four specific Acts of Congress: the Civil Rights Act of 1964: the Age Discrimination in Employment Act of 1967; the Americans with Disabilities Act of 1990; and the Rehabilitation Act of 1973. The complaints in this case do not rely on provisions of any of those statutes; rather, Plaintiff's federal claims rely on 42 U.S.C. §§ 1983 and 1985, statutory provisions that date from at least the Civil Rights Act of 1871, 17 Stat. 13.[3] Further, the Ledbetter Act expressly applies to "claims of discrimination in compensation" made under the four named, late-20th-century federal statutes. The claims in this case seek damages for alleged violation of federal constitutional rights (See Am'd Comp., Doc 14-2, Claims I - VIII; Opinion and Order 1/22/08, Doc 62, p. 1), made under two federal procedural statutes enacted in the latter half of the 19th century.

Plaintiff contends that the relief he seeks is called for because, in ruling against him, "[t]his Court based its analysis and conclusion regarding the application of the continuing violation doctrine on <u>Ledbetter v. Goodyear Tire and Rubber Co.</u>" (550 U.S. 618 (2007)), now effectively overruled retroactively by the

---

3. See discussions, <u>Lynch v. Household Finance Corp.</u> 405 U.S. 538, 543-44 (1972); <u>Kimble v. D. J. McDuffy, Inc.</u>, 648 F.2d 340, 344 (5th Cir. 1981). This Act is also sometimes referred to as the Ku Klux Klan Act of 1871. See, e.g., <u>Kimble</u> at 344.

6

Ledbetter Act. Doc. 67, pp. 6-7. Plaintiff is mistaken. Although the Ledbetter case is referred to and discussed, that is for the Supreme Court's explanation of the continuing violation doctrine, there "in the context of an EEOC complaint." Doc. 22, p. 6. This Court's "analysis and conclusion" here, based on such §1983 complaint cases as Trzebuckowski v. City of Cleveland, 319 F.3d 853 (6th Cir. 2003), and Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir. 2003) (continuing violation theory rarely extended to §1983 claims), is that the continuing violation doctrine (as explained both in those cases as to §1983 claims and in Ledbetter as to an EEOC claim) does not properly apply to make the §1983 claims in this case timely.

Short of inclusion of an express denial, it could scarcely be any clearer that the Ledbetter Act and its retroactive limitation on proper application of the continuing violation doctrine in "claims for discrimination in compensation" made under four specific federal statutes have nothing whatever to do with, or proper effect upon, that doctrine's appropriate application to the damages claims for constitutional violation in this case or to the correctness of this Court's rulings in the two Opinion and Orders here in question.

Plaintiff's Motion for Reconsideration (Doc. 64) and Motion for Relief from Judgment (Doc. 67) are DENIED.

IT IS SO ORDERED.

9 -8-2009
Dated

Edmund A. Sargus, Jr.
United States District Judge

7